## FRANK D. MERROW vs. FRED B. GOODRICH.

Androscoggin.　Opinion January 11, 1899.

*Agent.　Admissions.　Evidence.*

The admission of a creditor's agent, made after the debt had been contracted, as to the amount due, is not the admission of the creditor, and is incompetent evidence, either for the creditor or debtor.

ON EXCEPTIONS BY DEFENDANT.

This was an action of assumpsit, in which the plaintiff claimed the sum of thirty-five dollars due from the defendant on an account annexed. Defendant admitted an indebtedness of eighteen dollars and offered to be defaulted for that sum. The parties were at issue as to the alleged payment of seventeen dollars, for which no credit was given on the plaintiff's books.

In defense the defendant offered to prove, by a witness, Fred A. Golder, that the plaintiff's agent, Edward T. Brown, who testified in the case, admitted to him, shortly previous to the suit, that there was only about twenty dollars due from defendant to plaintiff. This evidence was objected to and excluded by the court.

The evidence shows that the witness Brown was the agent of the plaintiff; that he sold a part of the goods for which this suit was brought; and collected money which defendant claimed he paid the plaintiff.

Edward T. Brown, recalled by the plaintiff, was asked on cross-examination, "Now did you say to Mr. Golder that the bill of Mr. Merrow against Mr. Goodrich was about twenty dollars?" This question on objection was excluded.

In excluding the testimony of Fred A. Golder as to what the plaintiff's agent said to him, the court said: "I do not think the conversation between Brown and this witness is admissible, unless it is introduced to contradict Mr. Brown's testimony on the stand here. While I understand he delivered goods, yet he could not, by statements as to past events, bind his employer."

In excluding the testimony of Agent Brown, the court said:

" I think I will exclude it and you can have the benefit of your exceptions. Any statement that he made during the transactions, acting as agent, would be admissible; but this is a conversation which purports to have been made after Mr. Goodrich had gone out of business, and the conversation between this witness and a third party; and it does not seem to contradict the witness in his testimony here, and I do not think Mr. Merrow would be bound by his statement to another party, made outside of the transactions in issue.

The jury returned a verdict of $35.85 for the plaintiff and the defendant took exceptions to the rulings of the court.

*Tascus Atwood*, for plaintiff.

*Edgar M. Briggs*, for defendant.

SITTING: EMERY, HASKELL, WHITEHOUSE, STROUT, SAVAGE, JJ.

HASKELL, J. Assumpsit upon account annexed to recover $35.00. The defendant offered to prove an admission by plaintiff's agent, made after the debt had been contracted but before suit, that there was only about $20 due plaintiff. It was properly excluded. It was not an admission of plaintiff, for it was neither made in his presence, nor as a part of any business transaction. It was purely hearsay. "What one man says, not upon oath, cannot be evidence against another man." *Franklin Bank* v. *Steward*, 37 Maine, 519, and cases cited; *Heath* v. *Jaquith*, 68 Maine, 433; *Craig* v. *Gilbreth*, 47 Maine, 416.

The agent, being recalled as a witness by plaintiff, was asked by defendant, whether he made the admission before referred to. The question was properly excluded. If the admission was incompetent as evidence, it could not become so, by the agent's own testimony that he made it. The method of proving it could not change its quality. Had the case shown that the inquiry was pertinent cross-examination, it might have been admissible, as contradictory of some prior statement of the witness and thereby affecting his credibility. Nothing of that sort appears however.

*Exceptions overruled.*